CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 1 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON HAMM-BEY, | ) | Civil Action No. 7:05-cv00559 |
| Petitioner | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| GENE JOHNSON, | ) | Senior United States District Judge |
| Respondent | ) | |
| | ) | |

Petitioner Jason Hamm-Bey, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. Petitioner Hamm-Bey challenges his March 15, 2005 disciplinary hearing, alleging that he was deprived of liberty interests without due process. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing §2254 Cases.

I.

Hamm-Bey's claims arise from the following alleged events. Hamm-Bey received a disciplinary offense report on March 5, 2005, charging him with DOP 861, Offense Code 122 (D) (Refusal to submit to drug test). On March 15, 2005, Hamm-Bey alleges that he was denied opportunity to present witnesses and documentary evidence at his disciplinary hearing by Inmate Hearing Officer Watson. IHO Watson found Hamm-Bey guilty of the charged offense, sentenced him to (30) days isolation and referred him to the Institutional Classification Authority (ICA). On March 22, 2005, the ICA reclassified Hamm-Bey to security level (5) and transferred him from Keen Mountain Correctional Center, a level (4) facility to Wallens Ridge State Prison, a level (5) facility. The ICA also reclassified Hamm-Bey to Earned Sentence Credit (ESC) level (4), which disallowed him from earning good conduct credits for a minimum of (12) to (24) months. Prior to that time, under Va. Code §53.1-201, Hamm-Bey had been eligible to receive 30 days ESC's for each 30 days that he served with good behavior. He appealed to the warden on

1

April 12, 2005, but the appeal was denied. Hamm-Bey then made a Level II appeal to the Regional Director, but his appeal was again denied. Hamm-Bey filed for a writ of habeas corpus for a due process claim to the Supreme Court of Virginia on July 10, 2005. His petition was dismissed on August 3, 2005 as, "frivolous."

Hamm-Bey raises the following issues in his petition. First, as ground one, he claims a denial of opportunity to present witnesses at his disciplinary hearing on March 15, 2005 as ground one. As ground two, he claims that he was denied the opportunity to present documentary evidence at the disciplinary hearing. As ground three, he claims that he was deprived of a state-created liberty interest where his Earned Sentence Credits (ESC's) have been denied him due to the disciplinary decision challenged herein. Hamm-Bey's fourth ground is that he was deprived of his state-created liberty interest without the due process of law.

II.

Hamm-Bey asserts in his petition that he presented his current claims to the Supreme Court of Virginia in a state habeas corpus petition. He submits a copy of the court's order, entered August 3, 2005, dismissing his petition as "frivolous." Thus, the court finds that he has exhausted the remedies available in the courts of the state as required under 28 U.S.C. §2254(b).

Because the Supreme Court of Virginia addressed Hamm-Bey's current claims on the merits, the United States District Court cannot grant federal habeas corpus relief unless it finds that the Supreme Court of Virginia's disposition of the claims was contrary to, or an unreasonable application of, established federal law, or is based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. §2254(d) (1). The decision from the Supreme Court of Virginia, though it cites no legal analysis or precedent in support of its disposition, is an adjudication on the merits and is entitled to the deference mandated in §2254(d). See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000). A federal habeas court reviewing such a state court decision must uphold that decision unless, after conducting independent

2

review, it is clear that the result reached by the state court "contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of facts in light of the evidence presented." Id.

State regulations create a liberty interest entitled to federal due process protections only if a status change poses "atypical and significant hardship on the inmate in relation to the ordinary conditions of prison life," or if a status change inevitably increases the length of confinement. Sandin v. Conner, 515 U.S. 472, 485-86 (1995). If a status change does not create such a liberty interest, then the inmate has no federal right to due process before he receives a change in status. Id. Virginia inmates have no state-created liberty interest in remaining in or being assigned to a particular good conduct allowance level. DeBlasio v. Johnson, 128 F. Supp.3d 315, 329 (E.D. Va. 2000), aff'd, 13 Fed. Appx. 96, 2001 WL 721398 (4th Cir. 2001)(unpublished). "While a classification change might result in the opportunity to earn more GCA [good conduct time] credits, it does not guarantee an earlier release because prison authorities retain absolute discretion over the classification of inmates." Id. Therefore, such a change does not give rise to federal due process claims under Sandin.

Hamm-Bey's sentence of (30) days isolation did not vary from basic prison life in any atypical manner, nor did the sentence impose significant hardship when compared to ordinary prison life. As such, Hamm-Bey was not entitled to federal due process requirements before receiving an isolation sentence. Similarly, Hamm-Bey's reclassification to a higher ESC level, leaving him unable to earn good credit time for every (30) days of good behavior for a minimum of (12) to (24) months, does not inevitably increase his term of confinement. DeBlasio, 128 F. Supp.3d at 329. Therefore, his move to a new security level and coinciding limits to his potential to earn good conduct credit do not trigger federal due process protections As neither of the penalties he suffered as a result of the March 15 disciplinary hearing affected any federally protected liberty interest, Hamm-Bey has no federal due process claim regarding the events of

that hearing. Sandin, 515 U.S. at 485-86.

The state of Virginia may require procedural protections before a move to a new security level or a reclassification of ESC may occur. The state's failure to follow its own procedural laws, however, does not present a federal due process issue. Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990). Therefore, the alleged violations of state procedure at Hamm-Bey's disciplinary hearings do not create a claim for relief under §2254.

In conclusion, the court finds that Hamm-Bey's allegations fail to present any federal constitutional claims. Accordingly, the court cannot find that the Supreme Court of Virginia's disposition of Hamm-Bey's federal constitutional claims was unreasonable, and the court must dismiss Hamm-Bey's petition under §2254(d). An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may be issued only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within (30) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 11th day of October, 2005.

Senior United States District Judge